UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE PROPELLERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WARTSILA DEFENSE, INC., BRYAN RUTTER, BOBBY HENINGER, <br><br> Defendants. | Case No.: 17cv555 BEN (NLS) <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF FORM OF PROTECTIVE ORDER** <br><br> **AND** <br><br> **PROTECTIVE ORDER, AS MODIFIED BY THE COURT (SEE SECTIONS 4, 8, & 15)** <br><br> [ECF NO. 31] |

On November 1, 2017, the parties filed a Joint Motion for Determination of Form of Protective Order. ECF No. 31. Therein, the parties present their differing proposals as to appropriate language for a protective order governing discovery in this case.

In their joint motion, the parties offer arguments regarding the disputed provisions, which the Court will address in turn.

1. Defendants' Paragraph 4

The first dispute pertains to Defendants' (proposed) Paragraph 4, which states: "All documents and information produced in this litigation by any party or nonparty, whether produced informally or pursuant to a formal discovery request, shall be used by

1

the parties solely for the purpose of conducting this litigation." ECF No. 31 at 2. Plaintiff objects to this request on the grounds that its Facility Security Officer, James King, "has an independent duty of reporting to the United States of fraud, waste and abuse and any of a myriad of potential security breaches," and thus cannot be barred by the protective order from sharing discovery documents with the government if he believes the documents demonstrate fraud, waste, or abuse by Defendant Wartsila Defense, Inc. ("Wartsila"). Id. at 4. Plaintiff has not specified the regulations governing Mr. King's reporting duties or clarified the scope of Mr. King's reporting duties, such as whether they are limited only to fraud, waste, or abuse occurring in Plaintiff's facilities.

"Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). In order to satisfy the good cause standard, the party seeking the protective order must explain what specific prejudice or harm will result without protection. Id. at 1211. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . [because the] trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Here, the parties agree that documents likely to be exchanged in this case will include trade secrets, confidential research, and material reflecting technical, cost, price, marketing, and/or other commercially sensitive information. ECF No. 31-1 at 1; 31-2 at 1. For competitive reasons, the parties seek to keep this sort of information confidential. Id. Defendants' additional concern is that Mr. King intends to disclose Wartsila's documents to the United States government, which Defendants believe has less to do with

his reporting duties, and more with Plaintiff's intent to create problems for Wartsila. ECF No. 31 at 3. According to Defendants, Mr. King already has made such reports regarding Wartsila to federal agencies, so this represents a real and immediate concern. Id.

The Court finds that Defendants have shown good cause to limit the use of discovery to this case. See Phillips, 307 F.3d at 1211 (confirming that district courts have "broad latitude" to enter protective orders where necessary to prevent disclosure of trade secrets, research, and other commercial information). To hold otherwise would risk discouraging compliance with the Federal Rules of Civil Procedure and cooperation among the parties. And, whether he did so out of legal obligation or to attempt to thwart Plaintiff's competitor, Wartsila, the fact that Mr. King already has reported Wartsila presents a specific harm justifying protection. That being said, Defendants did not provide legal authority pursuant to which this Court could prevent Mr. King from complying with his legal reporting obligations. The protective order exemplar Defendants referenced for the proposition that other courts have limited discovery to the case at hand, which was entered in The Wharf, Inc. v. District of Columbia, et al., 15cv1198 (CKK) (D.D.C. May 22, 2017), ECF No. 97 at ¶¶ 2-3, in fact contained a carve out that specified that "this restriction will not operate to preclude the District of Columbia from using Discovery Materials for law enforcement purposes or as otherwise required by law, regulation, or other legal obligation imposed upon the District of Columbia."

The Court finds that adding similar language allowing disclosure where required by law strikes the proper balance of protecting confidential information and preventing anti-competitive behavior without impairing Mr. King's ability to comply with his legal obligations. Additionally, to balance the equities, the Court will require Plaintiff to notify Defendants of any documents obtained via discovery in this case that Mr. King intends to turn over to the United States government.

///

2. <u>Defendants' Paragraph 5</u>

Both parties' proposed protective orders contain provisions allowing the parties to designate documents as "confidential" or "confidential – outside counsel only,[1]" but Defendants also seek to allow nonparties to designate documents as confidential and to allow parties to designate documents produced by nonparties as confidential. ECF No. 31 at 5. Plaintiff objects that of the more than six subpoenas issues so far, none have solicited documents that the subpoenaed third parties sought to maintain as confidential, and that authority should be limited to the parties to avoid needlessly involving third parties in the action. <u>Id.</u> at 6.

Parties frequently incorporate this procedural provision into their protective orders. As Defendants point out, the Northern District of California even includes a similar provision in its model order. <u>See</u> N.D. Cal. Stipulated Protective Order for Standard Litigation at § 2.4, *available at* http://www.cand.uscourts.gov/model-protective-orders. Allowing nonparties to designate documents as confidential encourages prompt compliance with subpoenas and furthers the general policy of protecting nonparties in particular from inconvenience, undue cost, and harassment. <u>See</u> <u>Dart Indus. Co. v. Westwood Chem. Co.</u>, 649 F.2d 646, 649 (9th Cir. 1980) ("[w]hile discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery"); <u>Amini Innovation Corp. v. McFerran Home Furnishings, Inc.</u>, 300 F.R.D. 406, 409 (C.D. Cal. 2014) ("'concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs' in a Rule 45 inquiry") (citation omitted). Allowing parties to designate nonparty documents also encourages cooperation among the parties and, though it may not have been an issue to date, providing a mechanism

---

[1] Plaintiff's version includes a designation for "confidential – counsel only," but given the possibility that Wartsila may have in-house counsel, the Court will utilize the designation "confidential – outside counsel only."

within the protective order for concerns about the confidentiality of nonparty documents likely will obviate the need for court intervention down the road. The Court, therefore, finds it appropriate to include Defendants' proposed language regarding nonparty designations.

3. Defendants' Paragraph 11

Defendants seek to expand the list of individuals and entities who may view "confidential" or "confidential – outside counsel only" documents for purposes of aiding counsel in this case. ECF No. 6. Plaintiff believes Defendants' additional language is unnecessary as these individuals already are included within the description set forth in Paragraph 9 of the Southern District of California's Model Protective Order. The Court disagrees. Defendants' list includes numerous categories of individuals or entities who reasonably may need to view confidential information and who are not covered by the model protective order language. The Court will include Defendants' proposed language in the protective order.

4. Defendants' Paragraphs 20-22

With the addition of these three paragraphs, Defendants seek to implement further safeguards in the event that privileged information is disclosed inadvertently. ECF No. 31 at 6-9. Plaintiff believes all of these provisions already are covered by the Federal Rules. Id.

While Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5) of the Federal Rules of Civil Procedure provide some protection from a finding that the producing party has waived privilege if it inadvertently produces a privileged document, both come into play only if the producing party realizes its mistake and promptly requests return of the document. Defendants seek to impose an affirmative duty on the *receiving party* to notify the producing party if it has reason to believe that a privileged document was produced inadvertently. Though attorneys in California admittedly already have an

ethical duty to provide such notice[2], Defendants cannot be faulted for wanting the protective order to have an express reminder of this duty. Particularly where, as here, Defendants are the ones producing voluminous amounts of documents, they run the greater risk of inadvertently producing privileged material.

An additional rationale for Defendants' request is that while Rule 502 provides that an inadvertent production does not operate as a waiver of privilege in the litigation pending before the court (if all of the criteria are satisfied), a court order is required to confirm that the disclosure also is not a waiver in any other state or federal proceedings. Fed. R. Evid. 502(b), (d)[3]. Thus, in the instant joint motion, Defendants request an order implementing a permissive rule. ECF No. 31 at 7. The Court finds that addition of Defendants' proposed language is authorized by Rule 502, with the caveat that the order in no way relieves Defendants' burden to demonstrate that the inadvertently produced documents qualify for the claimed privilege or protection. See Fed. R. Evid. 502

---

[2] In Rico v. Mitsubishi Motors Corp., 42 Cal. 4th 807, 817 (2007), the California Supreme Court expressly adopted the standard of professional conduct applicable to California attorneys set forth with regard to inadvertent production in State Comp. Ins. Fund v. WPS, Inc., 70 Cal. App. 4th 644 (1999). That standard is as follows:

> When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified.

Rico, 42 Cal. 4th at 817. The court deemed this standard consistent with the state's policies of encouraging attorneys to thoroughly prepare their cases and investigate both positive and negative aspects of their cases and ensuring that attorneys would be free from adversaries taking undue advantage of their efforts. Id. at 818.

[3] Rule 502(d) provides that "[a] federal court *may* order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." (emphasis added).

Addendum to Advisory Committee Notes.

In light of the foregoing, the Court hereby enters the version of the protective order submitted by Defendants, **as modified by the Court** (see Sections 4, 8, and 15):

# PROTECTIVE ORDER

The Court recognizes that at least some of the documents, electronic data, and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as set out below.

2. The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other matter identifying customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches;

drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" will mean outside counsel of record and other attorneys, paralegals, secretaries, contract attorneys and other support staff employed in the following law firms: Pillsbury Winthrop Shaw Pittman LLP; and Law Offices of Andria Catalano Redcrow. "Counsel" also includes in-house attorneys for Defendant, Wartsila Defense, Inc.

## GENERAL RULES

**4.** All documents and information produced in this litigation by any party or nonparty, whether produced informally or pursuant to a formal discovery request, shall be used by the parties solely for the purpose of conducting this litigation, **except to the extent disclosure is required for law enforcement purposes or otherwise is required by law, regulation, or other legal obligation. Any party intending to disclose one or more documents obtained through discovery in this case as a result of a legal obligation to do so must first notify the party that produced the document(s) of its intent and specify which document(s) will be disclosed.**

5. Each party or nonparty to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." Each party to this litigation that believes Materials or other information produced by a nonparty should be subject to this Order, may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party or nonparty may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, or of such nonparty, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or nonparty.

8

17cv555 BEN (NLS)

b. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party or nonparty may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, or of such nonparty, the information is among that considered to be most sensitive by the party or nonparty, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

6. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

7. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party (including Confidential Information of a nonparty deponent):

a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party (or nonparty deponent) may designate portions of depositions as containing Confidential Information after transcription of the proceedings; and a party (or nonparty deponent) will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY";

b. the disclosing party or nonparty will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 9 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below.

9. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection

has been made. The approval of independent experts must not be unreasonably withheld.

10. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a. Executives who are required to participate in policy decisions with reference to this action;

   b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c. Stenographic and clerical employees associated with the individuals identified above.

11. Confidential Information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL" may also be viewable by independent copying, scanning, technical support and electronic document processing services retained by Counsel in connection with this action; graphics, translation, or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel in connection with this action and mock jurors, provided, however, that any such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A in advance of access.

12. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

13. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party,

and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal.

15. **Any challenge to the "CONFIDENTIAL" OR "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation of any Confidential Information shall be raised in writing within 30 days of the challenging party's receipt of the materials at issue. If the dispute is not resolved consensually between the parties within 7 days of receipt of such written notice, the parties shall file a joint motion for determination of discovery dispute, as outlined in this Court's Chambers Rules, no later than 45 days after the challenging party's receipt of the designated material in issue.** The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently-produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

19. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. The inadvertent production of documents or other information subject to protection by the attorney-client privilege, the attorney work product doctrine or any other legal principle or doctrine protecting such documents or information from discovery shall not constitute a waiver of any privilege or other protection (whether applicable to the document or other information that was inadvertently produced, or any other document or information), provided that the producing party notifies the receiving party in writing of the inadvertent production within fourteen (14) days after the producing party discovers the inadvertent production.

21. If a receiving party is in receipt of a document from a producing party that the receiving party has reason to believe was inadvertently produced and contains

information that the receiving party believes is subject to protection by the attorney-client privilege, the attorney work product doctrine, or any other legal principle protecting such document from discovery, then the receiving party shall, in good faith, take reasonable steps to notify the producing party of the production of that document so that the producing party may make a determination of whether such document was inadvertently produced.

22. A receiving party in receipt of inadvertently produced document(s) may move for an order compelling production of some or all of such documents, but the fact that the documents were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, and shall not be a basis for compelling production. In addition, any motion to compel production of the documents that were inadvertently produced shall not describe the specific contents of the inadvertently produced documents in a way that would diminish or destroy the privilege or protection that the producing party claims applies to the document.

23. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

24. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

25. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

26. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving

party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

27. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

28. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

29. Transmission by facsimile or e-mail is acceptable for all notification purposes within this Order.

30. This Order may be modified by agreement of the parties, subject to approval by the Court.

31. Filing Under Seal. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R.79.2, ECF Administrative Policies and

Procedures, Section II.j, and the chambers rules, with respect to filing documents under seal.

32. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, for public policy reasons, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: November 13, 2017

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge

16
17cv555 BEN (NLS)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE PROPELLERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>WARTSILA DEFENSE, INC., BRYAN RUTTER, and BOBBY HENINGER,<br><br>Defendants. | Case No. 3:17-cv-00555-BEN-NLS<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have received and read a copy of the Protective Order entered in *Pacific Marine Propellers, Inc. v. Wartsila Defense, Inc., et al.*, Case No. 3:17-cv-00555-BEN-NLS, and understand and agree to abide by its terms.

3. I agree to keep confidential all Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

*///*

17

17cv555 BEN (NLS)

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

5. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: