UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE PROPELLERS, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>WARTSILA DEFENSE, INC., et al,<br><br>          Defendants. | Case No.: 17-cv-555-L-NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR AN ORDER PERMITTING DEFENDANTS TO FILE DOCUMENTS UNDER SEAL** |

  Pending before the Court is Defendants' unopposed motion to file under seal 32 exhibits in support of their summary judgment motion. For the reasons which follow, the motion is denied.

  Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking

1

17-cv-555-L-NLS

to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Defendants' summary judgment motion is more than tangentially related to the merits. *See Kamakana*, 447 F.3d at 1179.

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Defendants' request is based primarily on the claims of proprietary and security-sensitive nature of the documents. They request sealing each of the 32 exhibits in its entirety, a total of 239 pages. Although their arguments in support of sealing may be sufficient to warrant sealing portions of the exhibits, based on review of the exhibits, it appears that every listed exhibit does not warrant sealing in its entirety.

2

17-cv-555-L-NLS

For the foregoing reasons, Defendants' motion is denied without prejudice to publicly file redacted versions of the exhibits, and move to seal only the portions as to which a particularized showing can be made.

**IT IS SO ORDERED.**

Dated: September 25, 2018

_____
Hon. M. James Lorenz
United States District Judge