1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   PACIFIC MARINE PROPELLERS,           Case No.:  17-cv-555-L-NLS
     INC.,
12
                                          **ORDER DENYING PLAINTIFF'S**
13                          Plaintiff,     **MOTION FOR AN ORDER**
                                          **PERMITTING PLAINTIFF TO FILE**
14   v.                                   **DOCUMENTS UNDER SEAL**

15   WARTSILA DEFENSE, INC., et al,

16                          Defendants.

17

18        Pending before the Court is Plaintiff's unopposed motion to file under seal seven

19   exhibits in opposition to Defendants' pending summary judgment motion.  For the

20   reasons which follow, the motion is denied.

21        Sealing court records implicates the "general right to inspect and copy public

22   records and documents, including judicial records and documents." *Nixon v. Warner*

23   *Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to a motion to

24   seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins.*

25   *Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).  Aside from "grand jury transcripts

26   and warrant materials in the midst of a pre-indictment investigation," a strong

27   presumption applies in favor of public access to judicial records. *Kamakana v. City and*

28   *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Accordingly, a party seeking

to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Defendants' summary judgment motion is more than tangentially related to the merits. *See Kamakana*, 447 F.3d at 1179.

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Plaintiff points to a protective order (doc. no. 33) as the basis for the request. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing documents which are filed with the Court. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co*., 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By nature, protective orders are over inclusive, *see Beckman*, 966 F.2d at 476,

because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Whether a document designated as confidential pursuant to a protective order should be sealed must therefore be determined *de novo*. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Plaintiff's reliance on the protective order is insufficient to meet the compelling reasons standard for sealing court filings related to a summary judgment motion.

For the foregoing reasons, Plaintiff's motion is denied without prejudice to publicly file redacted versions of the exhibits, and move to seal only the portions as to which a particularized showing can be made.

**IT IS SO ORDERED.**

Dated: November 5, 2018

Hon. M. James Lorenz
United States District Judge

17-cv-555-L-NLS