UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE PROPELLERS, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WARTSILA DEFENSE, INC., et al,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17-cv-555-L-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION TO SEAL PORTIONS OF PLAINTIFFS' SUMMARY JUDGMENT OPPOSITION** |

Pending before the Court is Defendants' ex parte application to seal Plaintiff's Exhibits 124, 134, 136, 137, 145 and 156, filed in opposition to Defendants' summary judgment motion and portions of Plaintiff's opposition memorandum of points and authorities. (Doc. no. 87 ("Application").) Plaintiff's previous motion to seal the same exhibits, based solely on a protective order, was denied. (*See* docs. no. 86 (denial without prejudice to move to seal portions of exhibits as to which a showing of compelling reasons is made).) Because the protective order protects Defendants' interests with regard to these exhibits, they filed the pending Application. Plaintiff filed an opposition. For the reasons which follow, Defendants' Application is granted in part and denied in part.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

1

*Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Ctr for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Defendants' summary judgment motion is more than tangentially related to the merits. *See Kamakana*, 447 F.3d at 1179; *see also, e.g., Ctr for Auto Safety*, 809 F.3d at 1098.

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Plaintiff's Exhibits 124, 136, 137, 145 and 156 are documents which disclose, among other things, Defendant Wartsila Defense, Inc.'s ("WDI") revenue, operating

2

17-cv-555-L-NLS

expenses and profit margin for various projects, as well as their proposed and negotiated pricing on government contracts. Plaintiff's opposition memorandum discloses some of the same information. Defendants contend this is not publicly available information, is not typically revealed to competitors or customers, and its disclosure might harm WDI's competitive standing. They argue the documents should be sealed because a compelling reason standard may be met "when a court record might be used . . . 'as sources [*sic*] of business information that might harm a litigant's competitive standing." *Ctr for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon,* 435 U.S. at 598).

Defendants' underlying contention that this information might harm WDI's competitive standing is unsupported. Although the same factual basis asserted in the Application is included in the declaration of Defendants' counsel (doc. no. 87-9 ("Smith Decl.") at 3-4), it does not appear that the declarant has any personal knowledge of or foundation for these assertions. Moreover, the financial information disclosed by the exhibits is several years old. Defendants have not shown why this outdated information would have any effect on WDI's competitive standing at the present.

Defendants have not met their burden of overcoming the strong presumption of public access by meeting the compelling reasons standard. Their request to seal Plaintiff's Exhibits 124, 136, 137, 145 and 156, as well as portions of Plaintiff's opposition memorandum is denied.

According to Defendants, the parties agreed to redact Plaintiff's Exhibit 134 for relevance, and no sealing order is required as to this exhibit. (Smith Decl. at 3 & Ex. 1.) Plaintiff does not oppose Defendants' Application in this regard.

Accordingly, it is ordered as follows:

1. Plaintiff shall re-file its Exhibit 134 (doc. no. 72-36) in accordance with the agreed redactions. (*See* Smith Decl. Ex. 1.)

/ / / / /

2. In all other respects, Defendants' ex parte application is denied. Plaintiff may re-file its Exhibits 124, 136, 137, 145 and 156 in an unredacted form.

**IT IS SO ORDERED.**

Dated: December 14, 2018

_____
Hon. M. James Lorenz
United States District Judge